IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TRAVIS NAPIER KING,

    Plaintiff,

vs.

CIVIL ACTION NO.: CV608-109

STEVE UPTON; JOHN PAUL;
JOE BURNETTE; JOHNNY
SMITH and LARRY BREWTON,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Georgia State Prison in Reidsville, Georgia, has been permitted to proceed *in forma pauperis* in an action filed pursuant to 42 U.S.C. § 1983. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that he was denied mental health care. Plaintiff further contends that Georgia State Prison has a mental health/mental retarded ("MH/MR") team that is responsible for evaluating the unauthorized actions of MH/MR inmates. Plaintiff asserts that he is an MH/MR inmate. Plaintiff further asserts that MH/MR was not notified of his placement on the floor or of Defendants Burnette's and Smith's decision to leave him on the floor. (Doc. No. 1, p. 8).

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the

principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832 (1994).

Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). The objective component is "contextual and responsive to 'contemporary standards of decency.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992) (quoting Estelle, 429 U.S. at 103). Under that standard, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious'." Hill, 40 F.3d at 1186 (quoting Hudson, 503 U.S. at 9). In the Eleventh Circuit, a medical need is serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill, 40 F.3d 1187 (internal citations omitted). As to the subjective component, the Eleventh Circuit "has consistently held that knowledge of the need for medical care and intentional refusal to provide that care constitute deliberate indifference." Hill, 40 F.3d at 1186 (quoting Mandel v. Doe, 888 F.2d 783, 788 (11th Cir. 1989)). To demonstrate deliberate indifference in the medical context, Defendants must have intentionally delayed access to medical care for such a period as to constitute the unnecessary and wanton infliction of pain. Adams v. Poag, 61 F.3d 1537, 1543-44 (11th Cir. 1995).

Plaintiff's claims against Defendants Burnette and Smith do not rise to the level of deliberate indifference to his serious medical needs. Plaintiff fails to establish how Defendants allegedly not notifying MH/MR of his cell conditions denied him access to

mental health care. Plaintiff's claims for the alleged deprivation of mental health care should be dismissed.

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims for the alleged deprivation of mental health care should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of March, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE