IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TRAVIS NAPIER KING,

    Plaintiff,

vs.

STEVE UPTON; JOHN PAUL;
JOE BURNETTE; JOHNNY
SMITH and LARRY BREWTON,

    Defendants.

CIVIL ACTION NO.: CV608-109

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Defendants filed a Motion to Dismiss, and Plaintiff filed a Response. Plaintiff filed an Amended Complaint, and Defendants filed a Motion to Dismiss. Plaintiff filed a Response. For the reasons which follow, Defendants' Motions should be **GRANTED** in part and **DENIED** in part.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant Larry Brewton ordered him to be placed in a cell with only a mattress and no bed frame. Plaintiff further contends that Defendants Joe Burnette and Johnny Smith were aware of the condition of his cell and made the decision that he remain in the cell. Plaintiff asserts that Defendant Paul agreed with placing him on the floor. Plaintiff contends that he awoke to find himself lying in toilet water after several inmates flooded their cells. Plaintiff further contends that his cell was flooded again later that night. Plaintiff alleges that Defendants Brewton, Burnette, and Smith forced him to eat all his meals and sleep on the floor for a total of five days. Plaintiff asserts that both of the grievances he filed with Defendants Steve Upton and Paul regarding the allegedly cruel treatment were denied, and that Defendants Upton and Paul did nothing to correct the situation.

Defendants assert that Plaintiff's allegations do not rise to the level of deliberate indifference to the conditions of Plaintiff's confinement. Defendants also assert that Plaintiff cannot sustain his claims against Defendants Upton and Paul because he is suing these two Defendants based on their supervisory roles at GSP and because they denied Plaintiff's grievances. Defendants aver that Plaintiff's monetary damages claims against them in their official capacities are barred by the Eleventh Amendment. Defendants contend that they are not "persons" within the meaning of section 1983, and Plaintiff's claims against them in their official capacities should be dismissed. Defendants also contend that they are entitled to qualified immunity for Plaintiff's claims

against them in their individual capacities. Finally, Defendants assert Plaintiff's claims for monetary relief, other than nominal damages, are barred by 42 U.S.C. § 1997e(e).

## STANDARD OF REVIEW

In considering a motion to dismiss filed pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, a court must determine whether a plaintiff's "[f]actual allegations [are] enough to raise the right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)[1]. In making this determination, a court must construe the complaint in a light most favorable to the plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002). When evaluating a motion to dismiss, the issue is not whether a plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986). The threshold is "'exceedingly low'" for a complaint to survive a motion to dismiss. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro America, S.A. v. America Agribusiness Devel., 711 F.2d 989, 995 (11th Cir. 1983)). A complaint filed by a *pro se* plaintiff is held to even less stringent standards than a complaint drafted by a lawyer and will be construed liberally. Ghee v. Retailers Nat'l Bank, 271 F. App'x 858, 861 (11th Cir. 2008) (quoting Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). A plaintiff generally is safeguarded by a presumption that the allegations in his complaint are true when a

---

[1] In Twombly, the Supreme Court "retired" the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), and noted that, while "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff is obliged to "provide the grounds of his entitlement to relief", which requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" 550 U.S. at 555.

defendant files a Rule 12(b)(6) motion to dismiss. Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1237 (11th Cir. 2002).

## DISCUSSION AND CITATION TO AUTHORITY

I.  **Plaintiff's Official Capacity Claims**

Defendants assert that Plaintiff's claims against them in their official capacities should be dismissed. Specifically, Defendants assert that Plaintiff's monetary damages claims against them in their official capacities should be dismissed, as such claims are barred by the Eleventh Amendment. Defendants contend that the State of Georgia is the real party in interest as to these claims, and the State has not waived its sovereign immunity to allow these claims to proceed. Defendants also contend that any requests for injunctive relief Plaintiff may have asserted are barred if his requests do not seek prospective injunctive relief.[2] Defendants further contend that the entirety of Plaintiff's claims against them in their official capacities should be dismissed because they are not persons within the meaning of § 1983, as a State is not a person within the meaning of this statute.

Plaintiff asserts that Defendants are being sued only in their individual capacities, as is evident from his Complaint. However, on page 1 of his Complaint, Plaintiff states that each Defendant is being sued in his individual and official capacity. (Doc. No. 1, p. 1). Accordingly, these portions of Defendants' Motions will be addressed.

The Eleventh Amendment protects states from being sued in federal court without their consent. Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). A lawsuit against state officials in their official capacities is no different from a suit against a state

---

[2] Plaintiff is not seeking injunctive relief in this cause of action, and it is unnecessary to address these portions of Defendants' Motions.

itself; such defendants are immune. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). In enacting 42 U.S.C. § 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67. Because the State of Georgia would be the real party in interest in a suit against prison officials in their official capacities, the Eleventh Amendment immunizes Defendants from suit in their official capacities for monetary damages. Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). As Plaintiff's monetary damages claims against Defendants in their official capacities would be claims against the State of Georgia, these portions of Defendants' Motions should be **granted**.

## II. Deliberate Indifference Claims

Defendants assert that, even accepting Plaintiff's allegations as true, he fails to state a claim that Defendants Burnette, Smith, and Brewton violated his Eighth Amendment rights. Defendants also assert that Plaintiff's assertions that he was required to sleep on a mattress on the floor for five (5) days, including eight (8) hours without a mattress, after he damaged two (2) cells do not state a claim as a matter of law. Defendants further assert that Plaintiff does not allege that he was forced to sleep on a wet mattress or that he was made to sleep in a flooded cell. Instead, Defendants contend, Plaintiff admits that he was allowed to take a shower after the first flooding incident while another officer pushed the water out of his cell and that he was given cleaning chemicals and a new mattress. Defendants allege that, after Plaintiff's cell was flooded again, he stated that his mattress did not get wet, he was given a dustpan to scoop the water out of his cell, and he was given a bed frame the next day. Defendants contend that these allegations fail to show that Plaintiff faced a substantial risk of harm

or that Defendants Burnette, Smith, or Brewton had knowledge of that risk and disregarded it. Defendants contend that Plaintiff likewise fails to state an Eighth Amendment violation based on his allegations that he was made to eat his meals on his cell floor for five (5) days. Defendants assert that the Constitution only requires that inmates be provided with "reasonably adequate food[ ]" (Doc. No. 17-2, p. 10), and Plaintiff does not allege he was denied a meal.

Plaintiff alleges that his placement in a cell without a bed was solely to punish him for damaging two (2) cells. Plaintiff contends that this punishment deprived him of basic human needs and was without penological justification, thus constituting cruel and unusual punishment. Plaintiff asserts that Defendant Brewton ordered that Plaintiff be placed in the bedless cell and that Defendants Burnette and Smith ordered that Plaintiff remain in that cell. Plaintiff also asserts that, even if Defendants did not force him to continue sleeping in toilet water, the damage was already done when he woke up with his face and body in the toilet water. Plaintiff further asserts that he was allowed to shower because he was exposed to water that may have been contaminated with urine, feces, and/or any number of infectious diseases. Plaintiff contends that Defendants Brewton, Burnette, and Smith were aware of the conditions in this cell after they visited him at this cell and disregarded the known risks he faced by being in that cell.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the health and safety of prison inmates. This duty to safeguard embodies the principle requiring prison officials to provide inmates with humane conditions of confinement. Farmer v. Brennan, 511 U.S. 825, 832 (1994).

The parties are aware that, in a Rule 12(b)(6) motion to dismiss, the plaintiff's burden is very low, particularly if the plaintiff is *pro se*. Accepting Plaintiff's allegations as true, he should have the opportunity to provide evidence in support of his claims that Defendants Brewton, Burnette, and Smith knew of a risk to Plaintiff's health by placing him in a cell with allegedly inhumane conditions of confinement and disregarded that risk and whether Plaintiff's placement in this cell was without penological justification. Plaintiff has provided sufficient grounds "of his entitlement to relief", Twombly, 550 U.S. at 555, such that the dismissal of his Eighth Amendment claims would not be appropriate at this time. Accordingly, these portions of Defendants' Motions should be **denied**.

### III. Respondeat Superior/Denial of Grievances

Defendants assert that Plaintiff does not make specific allegations against Defendants Paul and Upton and is suing these Defendants because of their supervisory roles at GSP. Defendants contend that Plaintiff has not shown that Defendants Paul and Upton were personally involved in the alleged conditions of his confinement, that Defendants Paul and Upton had a custom or policy in place requiring inmates to sleep or eat on the floor, or that either of them directed officers to create the conditions about which Plaintiff complains. Defendants also contend that Plaintiff cannot sustain his claims against Defendants Paul and Upton based on Defendant Paul's denial of an informal grievance and Defendant Upton's denial of a formal grievance.

Plaintiff alleges that "it is evident" that Defendants Paul and Upton had prior knowledge of his living conditions and failed to take corrective actions. (Doc. No. 23, p. 3). Plaintiff avers that Defendants Paul and Upton "agreed and approved" of the

treatment Plaintiff received from Defendants Burnette, Smith, and Brewton. (Id.) Plaintiff asserts that the denial of his grievances is evidence of Defendants Paul's and Upton's approval.

In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. A "causal connection" may be established when the supervisor is well aware of a "history of widespread abuse" and fails to correct the alleged violations. Id. Constitutional "deprivations that constitute widespread abuse sufficient to notify the supervis[or] must be obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences." Id. Having actual notice of the alleged unconstitutional practices combined with a refusal to investigate or respond comprises such a causal connection.

Plaintiff should have the opportunity to produce evidence which he contends shows that he is not suing Defendants Upton and Paul based solely on their supervisory positions at GSP. At a minimum, Plaintiff has already set forth enough facts at this stage of the litigation of this case to allege that Defendants Upton and Paul were made aware of his complaints and did not investigate Plaintiff's complaints or take any corrective measures (if such were necessary). These portions of Defendants' Motions should be **denied**.

However, to the extent Plaintiff wishes to hold Defendants Upton and Paul liable for any alleged constitutional violations committed by their subordinates based on their

denials of Plaintiff's grievances, Plaintiff cannot sustain his claims against Defendants Upton and Paul on that basis. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming the district court's dismissal of the plaintiff's claims that two defendants holding supervisory positions based, in part, on the plaintiff's assertion that these defendants should be liable based on the denial of administrative relief). These portions of Defendants' Motions should be **granted**.

## IV. Qualified Immunity

Defendants assert that, at the time of their alleged conduct, they were acting within the scope of their discretionary authority. Defendants also assert that Plaintiff has the burden of showing that they are not entitled to qualified immunity, which he cannot do because he cannot show that the law regarding Defendants' alleged actions was clearly established such that they violated § 1983.

Qualified immunity protects government officials performing discretionary functions from suit in their individual capacities, so long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Gonzalez v. Reno, 325 F.3d 1228, 1232 (11th Cir. 2003) (quoting Hope v. Pelzer, 536 U.S. 730, 739 (2002)). Government officials must first prove that they were acting within their discretionary authority. Id. at 1233; Ray v. Foltz, 370 F.3d 1079, 1081-82 (11th Cir. 2004). "A government official acts within his or her discretionary authority if objective circumstances compel the conclusion that challenged actions occurred in the performance of the official's duties and within the scope of this authority." Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1185 n. 17 (11th Cir.1994). Once the government official has shown he was acting within his

AO 72A
(Rev. 8/82)

discretionary authority, the burden shifts to the Plaintiff to show that the Defendant is not entitled to qualified immunity. The Supreme Court has established a two-part test to determine the applicability of qualified immunity: the court must determine whether plaintiff's allegations, if true, establish a constitutional violation, and whether the right was clearly established." Saucier v. Katz, 533 U.S. 194, 201 (2001)[3]; Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1264 (11th Cir. 2004).

Defendants' assertion that they are entitled to qualified immunity on Plaintiff's § 1983 claims is without merit. Plaintiff's § 1983 claims, if true, establish constitutional violations by Defendants. Plaintiff claims that Defendants Brewton, Burnette, and Smith placed him in a cell which subjected him to inhumane conditions of confinement as punishment for damaging two (2) cells and that this punishment was without penological justification. Plaintiff also claims that Defendants Upton and Paul were made aware of his claims and failed to investigate his claims or to undertake corrective measures. The portions of Defendants' Motions seeking dismissal of Plaintiff's § 1983 claims based on qualified immunity should be **denied**.

## V. Physical Injury

Finally, Defendants aver that Plaintiff does not allege in his Complaint that he suffered a physical injury as a result of Defendants' alleged actions; therefore, Plaintiff may only seek nominal damages, at most. Defendants assert in response to Plaintiff's Amended Complaint that the back injury he claims to have suffered due to Defendants' purported actions is *de minimis* and does not satisfy the physical injury requirement of 42 U.S.C. § 1997e(e). Plaintiff alleges that he suffered a physical injury which was

---

[3] In Pearson v. Callahan, ___ U.S. ___, 129 S.Ct. 808, 818 (2009), the Supreme Court held that courts can exercise discretion in deciding which of the two Saucier prongs should be addressed first in light of the particular case at hand.

more than *de minimis*. Plaintiff contends that his back injury was serious enough to warrant examination and treatment by the medical staff at GSP.

"[C]ompensatory damages under § 1983 may be awarded only based on actual injuries caused by the defendant and cannot be presumed or based on the abstract value of the constitutional rights that the defendant violated." Williams v. Brown, 2009 WL 2883496, at *5 (11th Cir. Sept. 10, 2009) (quoting Slicker v. Jackson, 215 F.3d 1225, 1229 (11th Cir. 2000)). Pursuant to 42 U.S.C. § 1997e(e), in order to recover for mental or emotional injury suffered while in custody, a prisoner bringing a § 1983 action must demonstrate more than a *de minimis* physical injury. Id. "However, 'nominal damages are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove actual injury sufficient to entitle him to compensatory damages.'" Id. at *6 (quoting Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003)).

Plaintiff is entitled to present evidence that he suffered more than a *de minimis* physical injury as a result of Defendants' actions, and, thus, whether he is entitled to pursue more than nominal damages against Defendants. These portions of Defendants' Motions should be **denied**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion to Dismiss Plaintiff's Complaint and Defendants' Motion to Dismiss Plaintiff's Amended Complaint be **GRANTED** in part and **DENIED** in part. Plaintiff's monetary damages claims against Defendants in their official capacities and Plaintiff's claims against

Defendants Upton and Paul for denying his grievances should be **DISMISSED**. Plaintiff's Eighth Amendment claims against all Defendants should remain pending.

**SO REPORTED** and **RECOMMENDED**, this 10th day of November, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE